NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3228
_____

MARK PICKEL; MELISSA PICKEL,
Appellants,

v.

LANCASTER COUNTY CHILDREN AND YOUTH SOCIAL SERVICES AGENCY;
JADE LANDIS, Individually and in Her Official Capacity; NICOLE LAUZUS,
Individually and in Her Official Capacity; CRYSTAL NATAN, Individually and in Her
Official Capacity; KRYSTAL WNEK, Individually and in Her Official Capacity; JASON
DOYLE, Individually and in His Official Capacity; STEPHANIE VAN CISCO,
Individually and Her Official Capacity; JANE DOE, Individually and in Her Official
Capacity; KAYLA TEEPLES, Individually and in Her Official Capacity.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 5:18-cv-03400)
Magistrate Judge: Honorable Henry S. Perkin

_____

Argued: July 16, 2021
_____

Before: McKEE, GREENAWAY, JR., and RESTREPO, *Circuit Judges*

(Filed: September 14, 2021)

Dennis E. Boyle [Argued]

Suite 500
1050 Connecticut Avenue, N.W.
Washington, DC 20036

*Counsel for Appellant Mark Pickel, Melissa Pickel*

Shane Haselbarth [Argued]
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA 19103

*Counsel for Appellees Lancaster County Children and Youth Social
Service Agency, Krystal Wnek, Stephanie Van Cisco, Kayla Teeples, Crystal A. Natan,
Jason Doyle*

Gregory C. Kunkle [Argued]
Thomas Thomas & Hafer
1550 Pond Road
Suite 210
Allentown, PA 18104

*Counsel for Appellee Jade Landis, Nicole Lauzus*

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

Mark Pickel and Melissa Pickel challenge the Magistrate Judge's grant of summary

judgment against their Fourteenth Amendment substantive and procedural due process

claims. These claims—brought against Lancaster County Children and Youth Social

Services Agency ("LCCYS"), its agents and employees, and two of its contracted workers,

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Jade Landis and Nicole Lauzus—are based on alleged interference with their rights as grandparents in relation to two minors, S.P.L and D.M.L. The Pickels also alleged that LCCYS should be held liable as a municipality pursuant to *Monell*. For the reasons that follow, we will affirm the Magistrate Judge's order.

## I.

Qualified immunity shields officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). In determining whether an official is entitled to qualified immunity, "we ask: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation." *Id.*

In determining whether a right is clearly established for the purposes of qualified immunity, we must first "define the right allegedly violated at the appropriate level of specificity." *Peroza-Benitez v. Smith*, 994 F.3d 157, 165 (3d Cir. 2021). Once this is done, we look "to factually analogous Supreme Court precedent, as well as binding opinions from our own Court." *Id.* (citing *Fields v. City of Phila.*, 862 F.3d 353, 361 (3d Cir. 2017)) (quoting *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012)). We also consider whether there is a "robust consensus of cases of persuasive authority in the Courts of Appeals" clearly establishing the right in question. *Fields*, 862 F.3d at 361 (quoting *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 248 (3d Cir. 2016)). At our discretion, "[w]e may also take into account district court cases, from within the Third Circuit or elsewhere." *Peroza-Benitez*, 994 F.3d at 165-66.

The alleged right that is implicated in both the Pickels' substantive due process claim and their procedural due process claim is derived from the purported liberty interest that grandparents have in the care, custody, and management of their grandchildren. Such an interest, however, has not been "clearly established" by relevant law. The Magistrate Judge correctly noted that there is no controlling precedent in our Circuit that defines the scope of grandparents' substantive due process rights with respect to their care of their noncustodial grandchildren, and there is a lack of consensus among other Circuits to the same. *Pickel v. Lancaster Cnty. Child. & Youth Soc. Servs.*, No. CV 18-3400, 2020 WL 5820798, at \*10 (E.D. Pa. Sept. 30, 2020); *see Rees v. Off. of Child. and Youth*, 473 F. App'x 139, 142 (3d Cir. 2012) ("*Rees II*") (noting "[t]here is no controlling law on point in the Third Circuit concerning grandparents' substantive due process rights relative to the custody and care of their non-resident grandchildren"). The unsettled state of the law with respect to the scope of grandparents' liberty interests in relation to family integrity stands in stark contrast to those of parents' liberty interests in the care of their children. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (observing that the "liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court"). Moreover, four other district courts to have considered the issue in our Circuit have determined that noncustodial grandparents who have little beyond biological ties to their grandchildren did not have a fundamental liberty interest in associating with their grandchildren. *See Rees v. Office of Children & Youth*, 744 F. Supp. 2d 434, 451-52 (W.D. Pa. 2010) ["Rees I"]; *Clayton v. Children's Choice*, 2010 WL 3282979, at \*5 (E.D. Pa. Aug. 18, 2010)*; Bresko*

4

*v. Critchley*, 2012 WL 3066640, at *5 (D.N.J. July 26, 2012)*; Derr v. Northumberland Cnty.*, 2019 WL 6210898, at *9 (M.D. Pa. Oct. 23, 2019). Given the dearth of precedential caselaw in our Circuit concerning the scope of grandparents' constitutional liberty interests in caring for their grandchildren, the individual Appellees in this action are entitled to qualified immunity with respect to both Fourteenth Amendment claims as the right that is implicated here has not yet been "clearly established." [1]

## II. [2]

The Pickels also assert claims against LCCYS directly, which is treated as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). *See Hatfield v. Berube*, 714 F. App'x 99, 103 n.1 (3d Cir. 2017) (noting "Pennsylvania county offices of children and youth are treated as municipalities for purposes of Monell.") (citing *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)). "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision

---

[1] The Pickels contend that they stood *in loco parentis* toward both S.P.L. and D.M.L., which they argue strengthens their claim that they possessed substantive and procedural due process rights in associating with them. Without taking a view as to whether they in fact attained this *in loco parentis* status or not, we maintain that grandparents' liberty interests in exercising care and control over their grandchildren are not sufficiently "clearly established" to hold the individual Appellees liable.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's grant of summary judgment. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine dispute as to any material fact," such that "the movant is entitled to judgment as a matter of law." *Hayes v. Harvey*, 903 F.3d 32, 40 (3d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

officially adopted by the governing body or informally adopted by custom." *Mulholland*, 706 F.3d at 237 (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

The Pickels allege that "LCCYS violated the Pickels' constitutional rights to family integrity by not having certain policies in place. Appellant Br. 35. They further argue that "LCCYS, in some instances, had affirmative policies, procedures, practices, and/or customs which violated their constitutional rights to family integrity." *Id*. at 35-36.

To the extent the Pickels allege they were harmed by LCCYS policy, their claims fail as they do not adequately link the purportedly responsible policymaker with final authority—in this instance, Crystal Natan, the Executive Director of LCCYS—to the policies that have allegedly resulted in injury. *See McTernan v. City of York*, *Pa.*, 564 F.3d 636, 658-59 (3d Cir. 2009). Indeed, their allegations primarily appear not to be concerned with LCCYS's official policies, but instead with its "unwritten practice of ignoring… written policy" with respect to collaborating in good faith with all relevant relatives and stakeholders involved in child dependency, placement, and custody proceedings. Appellant Br. 41.

The Pickels do not fare better, however, in alleging that any unofficial LCCYS customs have violated their constitutional rights. The core of the Pickels' argument is that LCCYS failed to train its caseworkers with respect to their evaluation of kinship care applications, providing relatives with notice of court proceedings, and advising caseworkers of the rights of individuals that possess *in loco parentis* status vis-à-vis dependent minors. In order to establish liability under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the

6

rights of persons with whom the [untrained employees] come into contact.'" *Id*. (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)) (alteration in original).

Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (quoting *Bryan County*, 520 U.S. at 410). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*. (quoting *Connick*, 563 U.S. at 62). As noted by the Magistrate Judge, the Pickels do not allege that LCCYS had prior notice of its purportedly deficient training program, nor do they provide any evidence that a "pattern of similar constitutional violations by untrained employees" occurred such that LCCYS could be said to have acted with "deliberate indifference." *Connick*, 563 U.S. at 62**; App. 28-29**. Consequently, the Pickels cannot succeed on a failure-to-train theory either, and their municipal liability claims against LCCYS fail.

### III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of summary judgment against the Pickels.